LONGBOTTOM ET AL., APPELLEES, *v.* MERCY HOSPITAL CLERMONT;
HUBER ET AL., APPELLANTS.

[Cite as *Longbottom v. Mercy Hosp. Clermont,* 137 Ohio St.3d 103,
2013-Ohio-4068.]

*Prejudgment interest—R.C. 1343.03—Retroactivity.*

(No. 2012-1260—Submitted May 8, 2013—Decided September 24, 2013.)

CERTIFIED by the Court of Appeals for Clermont County,
Nos. CA2011-01-005 and CA2011-01-006, 2012-Ohio-2148.

_____

O'DONNELL, J.

{¶ 1} The appellate court certified that its decision in this case conflicts with *Barnes v. Univ. Hosps. of Cleveland,* 8th Dist. Cuyahoga Nos. 87247, 87285, 87710, 87903, and 87946, 2006-Ohio-6266, on the following question: " 'Whether the version of the prejudgment interest statute, R.C. 1343.03(C), as amended effective June 2, 2004, can be applied retroactively to claims accruing before June 2, 2004?' " We agreed to review this matter.

{¶ 2} The General Assembly amended R.C. 1343.03(C) on June 2, 2004, to preclude the award of prejudgment interest on future damages. It did not, however, preclude the right to collect prejudgment interest on other damage awards. Thus, we answer the certified question in the affirmative, because the statute does not eliminate a right or a remedy, and it applies to causes of action accruing before but commenced on or after June 2, 2004.

**Facts and Procedural History**

{¶ 3} On March 22, 2002, nine-year-old Kyle Smith struck his head on a coffee table at the home of a family friend in Hamersville, Ohio. His father, Jesse Smith, heard a thud from the next room, and Kyle came to him crying and

bleeding from his ear. Smith decided to take his son to the emergency room and en route stopped home so Kyle's mother, Kristi Longbottom, could go with them. While there, Kyle began to vomit and continued to complain that his head hurt.

{¶ 4}  At Mercy Hospital Clermont, Dr. Gary Huber initially examined Kyle but left the examination room. At that point, Kyle again vomited and began to complain of pain in his jaw. Huber returned to the room, stitched Kyle's ear, and explained that he did not believe that Kyle had suffered a serious head injury because the child did not lose consciousness or hearing, behaved normally, and had no significant pressure in his head. Huber did not order a CT scan and discharged Kyle with a pamphlet on head trauma. According to Kyle's parents, Huber told them to take him home and let him sleep but never advised them to check on their son during the night.

{¶ 5}  Early the next morning, Kyle began gasping for breath, and Longbottom saw that he had again vomited while sleeping. Smith called 9-1-1, and an air ambulance transported Kyle to Cincinnati Children's Hospital, where doctors diagnosed an epidural hematoma. His fall had torn his middle meningeal artery, causing pressure on his brain, a midline shift, and herniation. Dr. Kerry R. Crone performed emergency surgery; Kyle survived, but he sustained serious and permanent injuries.

{¶ 6}  On March 14, 2003, Longbottom and Smith, individually and on behalf of Kyle, sued Huber and Qualified Emergency Specialists, Inc., for malpractice. Prior to trial, however, they voluntarily filed a notice of dismissal pursuant to Civ.R. 41(A).

{¶ 7}  They refiled the action on March 3, 2008, and eventually added Kyle as a party when he turned 18, and this case proceeded to trial. A jury found that Huber had negligently failed to "instruct the parents about the possibility of significant head injury or how to observe and monitor Kyle for such injuries," and it awarded $2,412,899 in damages, $1,616,899 of which represented future

damages for Kyle's anticipated medical expenses, pain and suffering, loss of ability to perform usual functions, and loss of future earning capacity. The court ordered a $500,000 set-off as a result of a prior settlement with Mercy Hospital Clermont and also denied Huber's motions for judgment notwithstanding the verdict and for a new trial.

{¶ 8} The trial court also awarded prejudgment interest in the amount of $830,774.66, which included prejudgment interest on the portion of the award representing future damages, after finding that Huber had failed to make a good-faith settlement attempt prior to trial. In calculating prejudgment interest, the court applied the version of R.C. 1343.03(C) that existed at the time of the filing of the initial complaint, and it found that the subsequent amendments to this statute applied prospectively only. The court ordered prejudgment interest from the date the cause of action arose until the date of the voluntary dismissal and from the date of the refiling of the complaint until the date on which the judgment was paid.

{¶ 9} Both parties appealed. The Twelfth District Court of Appeals affirmed the judgment and the award of prejudgment interest, and in accord with decisions of the First, Third, and Seventh Appellate Districts, held that the amendments to R.C. 1343.03(C) applied prospectively only. However, the appellate court did reverse the trial court's decision to suspend the accrual of prejudgment interest from the date of the voluntary dismissal to the refiling of the complaint, concluding that the trial court lacked discretion to adjust the period during which prejudgment interest accrued.

{¶ 10} The court of appeals further certified the conflict question to this court, and after determining that a conflict existed, we agreed to hear the matter.

{¶ 11} On appeal to this court, Huber urges that R.C. 1343.03(C), as amended, applies to all actions pending on or after June 2, 2004, the effective date of the amendments, and thus prejudgment interest is not available for the award of

future damages in this case. He notes that in *Maynard v. Eaton Corp.*, 119 Ohio St.3d 443, 2008-Ohio-4542, 895 N.E.2d 145, this court applied the 2004 amendment to R.C. 1343.03(A) adjusting the rate of postjudgment interest to cases in which judgment has not yet been paid if the case was pending on appeal. He maintains that applying the current version of R.C. 1343.03(C) retroactively does not affect any vested right to prejudgment interest, because as of the effective date of the amendments, the requirements for seeking prejudgment interest had not been met and therefore no claim could be pursued. Further, he asserts that the amended statute is not a substantive law, because it only substitutes a new remedy for the enforcement of an existing right. And he contends that the second complaint filed after the effective date of the statute is the only pleading upon which prejudgment interest could be awarded.

{¶ 12} Longbottom and Smith contend that because Huber never argued that the voluntary dismissal of the initial complaint affected accrual of prejudgment interest, he has forfeited that argument. And they argue that R.C. 1343.03(C) contains no language showing that the General Assembly intended it to apply retroactively to causes of action that had accrued prior to its effective date. Finally, they contend that as applied in this case, the amendment would be unconstitutional if applied retroactively, because the 2004 amendment to R.C. 1343.03(C) changed the accrual date for prejudgment interest, eliminated a vested right to it on the award of future damages, and imposed new statutory duties on a claimant by conditioning prejudgment interest on filing a pleading and giving written notice to the tortfeasor's insurer—requirements imposed more than two years after the right to prejudgment interest had accrued.

{¶ 13} Accordingly, we are asked to decide whether the amended version of R.C. 1343.03(C) applies to the award of prejudgment interest on a claim that had accrued prior to the effective date of the statute.

**Law and Analysis**

{¶ 14} Ohio courts allowed prejudgment interest on damage awards at common law, *Hogg v. Zanesville Canal & Mfg. Co.*, 5 Ohio 410, 424 (1832), but in 1982 the General Assembly codified the common law rule and enacted R.C. 1343.03(C), the prejudgment interest statute, " 'to promote settlement efforts, to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases, and to encourage good faith efforts to settle controversies outside a trial setting.' " *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 657-658, 635 N.E.2d 331 (1994), quoting *Kalain v. Smith*, 25 Ohio St.3d 157, 159, 495 N.E.2d 572 (1986).

{¶ 15} When originally enacted, R.C. 1343.03(C) provided:

Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.

Am.Sub.H.B. No. 189, 139 Ohio Laws, Part I, 2034, 2035.

{¶ 16} In *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985), we considered whether the original version of R.C. 1343.03(C) applied when the cause of action had accrued prior to the enactment of the statute. We observed that former R.C. 1343.03(C) "is remedial in nature to the extent it

provides procedures to remedy wrongs and abuses," *id.* at 88, fn. 7; however, we also recognized that "[t]his statute not only provides the method by which the interest shall be computed, it also creates the right to have the unliquidated claim made subject to interest if the reasons for the assessment as stated in the statute can be met," *id.* Distinguishing in this way the substantive right to prejudgment interest from the statute's procedures to remedy such misconduct, we concluded that former R.C. 1343.03(C) created a new "substantive benefit," and therefore "[a losing party's] lack of good faith occurring prior to the effective date of the statute cannot be constitutionally penalized. Section 28, Article II of the Ohio Constitution." *Huffman* at 88, fn. 7. We therefore decided that "interest could not be awarded for the period prior to the effective date of the statute," *id.* at 87, but that "it is appropriate to allow interest to be calculated from the effective date of the statute until 'the money is paid,' " *id.* at 88, fn. 7.

*Amendment to R.C. 1343.03(C)*

{¶ 17} Effective June 2, 2004, the legislature amended R.C. 1343.03(C). Sub.H.B. No. 212 ("H.B. 212"), 150 Ohio Laws, Part III, 3417, 3418-3419. The amended statute allows a claimant to receive prejudgment interest from the date the cause of action accrues only when the party required to pay the money has admitted liability or when that party engaged in conduct resulting in liability with the deliberate purpose of causing harm to the party to whom the money is to be paid. In addition, R.C. 1343.03(C)(1)(c) specifies that for actions other than those in which the party has admitted liability or engaged in conduct resulting in liability with the deliberate purpose of causing harm to the party to whom the money is to be paid, prejudgment interest accrues for the longer of the following periods:

(i) From the date on which the party to whom the money is to be paid gave the first notice described in division (C)(1)(c)(i) of

this section to the date on which the judgment, order, or decree was rendered. The period described in division (C)(1)(c)(i) of this section shall apply only if the party to whom the money is to be paid made a reasonable attempt to determine if the party required to pay had insurance coverage for liability for the tortious conduct and gave to the party required to pay and to any identified insurer, as nearly simultaneously as practicable, written notice in person or by certified mail that the cause of action had accrued.

> (ii) From the date on which the party to whom the money is to be paid filed the pleading on which the judgment, decree, or order was based to the date on which the judgment, decree, or order was rendered.

And R.C. 1343.03(C)(2) states, "No court shall award interest under division (C)(1) of this section on future damages, as defined in section 2323.56 of the Revised Code, that are found by the trier of fact."

{¶ 18} H.B. 212 further amended R.C. 1343.03(A), changing the statutory rate of interest on judgments from a fixed rate of ten percent to a variable rate tied to the federal short-term rate. In *Maynard*, 119 Ohio St.3d 443, 2008-Ohio-4542, 895 N.E.2d 145, we considered whether this amendment applied to judgments entered before the effective date of H.B. 212 but still pending on appeal after that date. Notably, uncodified language in H.B. 212 addressed pending litigation and provided:

> In the calculation of interest due under section 1343.03 of the Revised Code, *in actions pending on the effective date of this act*, the interest rate provided for in section 1343.03 of the Revised Code prior to the amendment of that section by this act shall apply

up to the effective date of this act, and the interest rate provided for in section 1343.03 of the Revised Code as amended by this act shall apply on and after that effective date.

(Emphasis added.)  Section 3, H.B. 212, 150 Ohio Laws, Part III, 3421.

{¶ 19} Writing for a unanimous court in *Maynard*, Justice Cupp explained that the General Assembly intended the new statutory interest rate to apply in all pending actions and that a case remains pending while on appeal.  Accordingly, we held that "the amendment to R.C. 1343.03(A) applies to cases in which the trial court has entered final judgment prior to June 2, 2004, the effective date of the amendment, but the judgment is not yet paid in full and the case was pending on appeal as of that date." *Maynard* at ¶ 15.

{¶ 20} Significantly, and in contrast to the imposition of a statutory interest rate established in R.C. 1343.03(A), H.B. 212 contains no codified or uncodified language providing that the modified procedures for calculating prejudgment interest enacted by R.C. 1343.03(C) should apply to all pending cases.  The legislature could have chosen to make these new procedures apply in all cases pending on or after the effective date of H.B. 212, as it did with the changes made to R.C. 1343.03(A), but it chose not to do so.  We therefore conclude that the legislature intended that the amendments to R.C. 1343.03(C) should apply only to cases filed on or after June 2, 2004, the effective date of that statute.

*The Retroactivity Clause*

{¶ 21} As we explained in *Smith v. Smith*, 109 Ohio St.3d 285, 2006-Ohio-2419, 847 N.E.2d 414, the Retroactivity Clause contained in Article II, Section 28, Ohio Constitution, " 'prohibits the General Assembly from passing retroactive laws and protects vested rights from new legislative encroachments,' " and it " 'nullifies those new laws that 'reach back and create new burdens, new

duties, new obligations, or new liabilities not existing at the time [the statute becomes effective]." (Bracketed material sic.)' " *Id.* at ¶ 6, quoting *Bielat v. Bielat*, 87 Ohio St.3d 350, 352–353, 721 N.E.2d 28 (2000), quoting *Miller v. Hixson*, 64 Ohio St. 39, 51, 59 N.E. 749 (1901).

{¶ 22} Determining whether a law violates the Retroactivity Clause involves a two-step test:

> [W]e must first "determine whether the General Assembly expressly intended the statute to apply retroactively." [*Bielat*, 87 Ohio St.3d] at 353, 721 N.E.2d 28. If so, we must determine whether "the statute is substantive, rendering it *unconstitutionally* retroactive, as opposed to merely remedial." (Emphasis sic.) Id. A substantive statute is one that "impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction." Id. at 354, 721 N.E.2d 28; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 106–107, 522 N.E.2d 489.

*Id.* Thus, a statute that applies retroactively and that is substantive violates Article II, Section 28, Ohio Constitution. *Id.*

{¶ 23} Pursuant to R.C. 1.48, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." And in *Estate of Johnson v. Randall Smith, Inc.*, 135 Ohio St.3d 440, 2013-Ohio-1507, 989 N.E.2d 35, we stated that " '[l]aws of a remedial nature providing rules of practice, courses of procedure, or methods of review are applicable to any proceedings conducted after the adoption of such laws.' " *Id.* at ¶ 20, quoting *Kilbreath v. Rudy,* 16 Ohio St.2d 70, 242 N.E.2d 658 (1968), paragraph two of the syllabus. Here, the 2004 amendment to R.C. 1343.03(C) does not alter the established statutory right to

prejudgment interest, but by changing the date from which interest accrues in some causes of action and by precluding prejudgment interest on future damages, it alters the procedure for calculating prejudgment interest. Because this amendment is not expressly made retrospective, R.C. 1343.03(C) applies prospectively from the date of enactment.

{¶ 24} Generally, our determination that the statute applies prospectively would end the inquiry required by *Van Fossen*. However, a statute that applies prospectively may nonetheless implicate the Retroactivity Clause. As we noted in *Tobacco Use Prevention & Control Found. Bd. of Trustees v. Boyce*, 127 Ohio St.3d 511, 2010-Ohio-6207, 941 N.E.2d 745,

> the constitutional limitation against retroactive laws " 'include[s] a prohibition against laws which *commenced on the date of enactment and which operated in futuro, but which, in doing so, divested rights*, particularly property rights, which had been vested anterior to the time of enactment of the laws.' " [*Van Fossen*,] 36 Ohio St.3d at 105, 522 N.E.2d 489, quoting Smead, The Rule Against Retroactive Legislation: A Basic Principle of Jurisprudence (1936), 20 Minn.L.Rev. 775, 781–782.

(Emphasis added.) *Id.* at ¶ 14.

{¶ 25} Although the Retroactivity Clause bars statutes that extinguish preexisting legal rights, *id.*, it does not prohibit legislation that "merely affect[s] 'the methods and procedure by which *rights are recognized, protected and enforced, [and] not * * * the rights themselves.*' (Emphasis added.)" *Bielat*, 87 Ohio St.3d at 354, 721 N.E.2d 28, quoting *Weil v. Taxicabs of Cincinnati, Inc.*, 139 Ohio St. 198, 205, 39 N.E.2d 148 (1942). And as we observed in *Morgan v. W. Elec. Co., Inc.*, 69 Ohio St.2d 278, 432 N.E.2d 157 (1982):

" 'The legislature has complete control over the remedies afforded to parties in the courts of Ohio, and it is a fundamental principle of law that an individual may not acquire a vested right in a remedy or any part of it, that is, there is no right in a particular remedy. * * * A party has no vested right in the forms of administering justice that precludes the Legislature from altering or modifying them and better adapting them to effect their end and objects.' "

*Id.* at 281, fn. 5, quoting *State ex rel. Michaels v. Morse*, 165 Ohio St. 599, 605-606, 138 N.E.2d 660 (1956), quoting *State ex rel. Michaels v. Morse*, 10th Dist. Franklin No. 5372, 1956 WL 10344, 8 (Feb. 7, 1956).

{¶ 26} The 2004 amendment to R.C. 1343.03(C) neither destroys nor eliminates the right to prejudgment interest nor relieves a party of the duty to make a good faith effort to settle a claim; rather, the amended statute affects only the method by which prejudgment interest is calculated. For this reason, *Huffman* is distinguishable on its facts, because in that case, this court considered whether a new substantive right to prejudgment interest could be applied retroactively to misconduct occurring before the effective date of the statute. In contrast, this case concerns only a change in the method of calculating the preexisting substantive right to prejudgment interest. Because the amended statute does not eliminate the right to prejudgment interest but only modifies the remedy available, it applies to causes of action accruing before but filed on or after June 2, 2004, the effective date of the statute.

{¶ 27} We recognize that here the cause of action accrued before the legislature amended R.C. 1343.03(C) and that a complaint had been timely filed before the legislature amended the statute. But Longbottom and Smith voluntarily

dismissed that case and thereafter the legislature amended the prejudgment interest statute. Thus, at the time of refiling, the law then in effect precluded recovery of prejudgment interest on future damages. Because R.C. 1343.03(C) applies to causes of action accruing before but filed on or after June 2, 2004, it applies to the refiled complaint and governs the award of prejudgment interest in this case.

### Conclusion

{¶ 28} R.C. 1343.03(C) applies to tort actions filed on or after June 2, 2004, regardless of when the cause of action accrued. The refiled complaint became subject to the amended prejudgment interest statute because it was filed after the legislation had gone into effect, and therefore the amended version of R.C. 1343.03(C) governs the award of prejudgment interest in this case. Accordingly, the judgment of the court of appeals is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and LANZINGER, KENNEDY, and FRENCH, JJ., concur.

PFEIFER and O'NEILL, JJ., dissent.

_____

**PFEIFER, J., dissenting.**

{¶ 29} The majority opinion requires the parents of Kyle Smith to have known in 2002 what the General Assembly would enact in 2004. Only if Kyle's parents were gifted with such prescience could they have known that they should have sent notice—pursuant to a version of R.C. 1343.03 that did not yet exist—to the tortfeasors and their insurers that a cause of action had accrued. Only with that foreknowledge could Kyle Smith's parents have known what to do to fully protect their son's future, to know that the prejudgment-interest clock could start running only if they complied with a statute that was not yet a statute.

**{¶ 30}** Instead, they relied on the statute that existed at the time Kyle was injured. They relied on a statute that stated that prejudgment interest would be calculated from the date that the cause of action accrued, a statute that did not require notice to insurers and tortfeasors that a cause of action had accrued. That additional burden required by R.C. 1343.03(C)(1)(c)(i) makes its application in this case unconstitutionally retroactive. This court has held that the Retroactivity Clause " 'nullifies those new laws that "reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective]." *Miller v. Hixson* (1901), 64 Ohio St. 39, 51, 59 N.E. 749, 752.' *Bielat* [*v. Bielat*], 87 Ohio St.3d [350,] 352-353, 721 N.E.2d 28 [(1999)]." *Tobacco Use Prevention & Control Found. Bd. of Trustees v. Boyce*, 127 Ohio St.3d 511, 2010-Ohio-6207, 941 N.E.2d 745, ¶ 14.

**{¶ 31}** Moreover, the version of R.C. 1343.03 in place at the time Kyle was injured recognized that prejudgment interest could be awarded on future damages. That fact is something the majority opinion skims over when it states that "this case concerns only a change in the method of calculating the preexisting substantive right to prejudgment interest." Majority opinion at ¶ 26. No—R.C. 1343.03(C)(2) *eliminates* the preexisting substantive right to interest on future damages. That right to the "substantive benefit" of prejudgment interest on future damages was created by former R.C. 1343.03(C). *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 88, 482 N.E.2d 1248 (1985), fn. 7. A statute that takes away a substantive right is not remedial.

**{¶ 32}** Finally, the majority admits that the 2004 amendment to R.C. 1343.03(C) was not expressly made retrospective. This court should not read into the statute a retroactive application to causes of action that accrued before its enactment. We have no reason to contemplate that the General Assembly intended the unjust and inequitable interpretation this court imposes on Kyle Smith and his family in this case. Only this court can take credit for that.

O'NEILL, J., concurs in the foregoing opinion.

_____

The Lawrence Firm, P.S.C., Jennifer L. Lawrence, and Richard D. Lawrence; Ginger S. Bock Law Office, Inc., and Ginger S. Bock, for appellees.

Reminger Co., L.P.A., Martin T. Galvin, Stephen E. Walters, and Clifford C. Masch; Lindhorst & Dreidame Co., L.P.A., Michael F. Lyon, and Bradley D. McPeek, for appellants.

_____