The STATE ex rel. DUFFEY, et al., Relators,

v.

NEIGHBORHOOD PROPERTIES, INC., Respondent.

2005-Ohio-5060.]

Court of Common Pleas of Ohio,
Lucas County.

No. CI–05–5056.

Decided Sept. 16, 2005.

Cosme, D'Angelo & Szollosi Co., L.P.A., and Joseph M. D'Angelo, for relators.

Schnorf & Ferguson and Kevin M. Ferguson, for respondent.

THOMAS J. OSOWIK, Judge.

{¶ 1} This matter is before the court for hearing on relators' motion for preliminary injunction. Upon joint stipulation by the parties and pursuant to Civ.R. 65(B)(2), the court hereby consolidates the hearing on the application for preliminary injunction with the trial of the action on the merits.

{¶ 2} After carefully reviewing and considering the pleadings, memoranda of the parties, and all of the testimony and documents admitted into evidence at trial and filed of record, the court finds as follows.

{¶ 3} Upon joint stipulation of facts, the parties agree that the central issue to be determined by the court is whether Ohio's prevailing-wage law applies to and governs the construction of a 15–unit residential-apartment structure in the city of Fostoria, Hancock County, Ohio (commonly referred to as "Fostoria NAMI Housing Project").

{¶ 4} Along with this substantive issue to be examined by the court, respondent, Neighborhood Properties, Inc., also raises jurisdictional and procedural issues. Specifically, respondent argues that the relators are actually interested parties as defined under R.C. 4115.03(F) and, therefore, relators must first avail themselves of the administrative process established under R.C. 4115.16 for an interested party and file an appeal with the director of commerce. Respondent also argues that in order for the court to issue a preliminary injunction pursuant to Civ.R. 65, the relators must demonstrate that they are likely to succeed on the merits of the case, will suffer irreparable harm, and have no other adequate remedy at law available. Relators argue that they are taxpayers, not interested parties, and that they can demonstrate all requirements under Civ.R. 65.

{¶ 5} As the Sixth District Court of Appeals held in *Rossford ex rel. Seger v. Zuchowski* (Apr. 12, 2002), 6th Dist. No. WD–01–042, 2002 WL 538013, "R.C. 733.59 provides that if the city law director fails to apply for an order of injunction to restrain the misapplication of funds after written request by a taxpayer, the taxpayer may institute suit in his own name on behalf of the municipal corporation."

{¶ 6} The court finds that relator Dennis Duffey is a resident of Lucas County, Ohio, and that respondent's principal place of business is located at 2753 West Central Avenue, Toledo, Lucas County, Ohio. The court further finds that in accordance with the joint stipulation of facts, the relators, as taxpayers, sent letters to the Ohio Attorney General and the county prosecuting attorneys for

Seneca, Hancock, and Lucas counties and to date, the Ohio Attorney General, Seneca County Prosecuting Attorney, Hancock County Prosecuting Attorney, and Lucas County Prosecuting Attorney have failed to take any action. The court also finds that relators are not interested parties as defined under R.C. 4115.03(F) and, therefore, the administrative remedies under R.C. 4115.16 are not available to relators. The court finds that the only other remedy available to relators is their taxpayer action for injunctive relief. Therefore, based on the foregoing, the court finds that relators are taxpayers and have met the jurisdictional and procedural requirements of R.C. 733.59 for maintaining a taxpayer's action.

{¶ 7} The court will now examine the substantive and central issue in this case.

{¶ 8} Respondent argues that the Fostoria NAMI Housing Project is a "project" as defined by R.C. 176.05(D)(1)(c) and, therefore, the residential project is exempt from Ohio's prevailing-wage laws. Relators argue that the Fostoria NAMI Housing Project is not a "project" under R.C. 176.05, but is actually a "public improvement" under R.C. 4115.03 and is subject to Ohio's prevailing-wage law.

{¶ 9} Initially, the court finds that respondent is a "public authority" as defined in R.C. 4115.03(A), which states, "(A) 'Public authority' means * * * any institution supported in whole or in part by public funds and said sections apply to expenditures of such institutions made in whole or in part from public funds." As stipulated by the parties, respondent is a 501(c)(3) nonprofit charitable organization incorporated in Ohio and has received a commitment for a $350,000 grant from the Ohio Department of Mental Health. Therefore, the respondent is a "public authority" as defined by R.C. 4115.03(A).

{¶ 10} The court does note that R.C. 176.01 et seq. pertain to housing advisory boards. There has been no evidence presented that respondent is a housing advisory board or that a housing advisory board is involved in this matter. Consequently, the court finds little reason to apply R.C. 176.05 in this matter. The court will, however, review both R.C. 176.05 and 4115.03 to determine which statute applies to the Fostoria NAMI Housing Project.

{¶ 11} R.C. 4115.03(C) reads as follows:

"Public improvement" includes all buildings, roads, streets, alleys, sewers, ditches, sewage disposal plants, water works, and all other structures or works constructed by a public authority of the state or any political subdivision thereof or by any person who, pursuant to a contract with a public authority, constructs any structure for a public authority of the state or a political subdivision thereof. When a public authority rents or leases a newly constructed structure within six months after completion of such construction, all work

performed on such structure to suit it for occupancy by a public authority is a "public improvement." "Public improvement" does not include an improvement authorized by section 1515.08 of the Revised Code that is constructed pursuant to a contract with a soil and water conservation district, as defined in section 1515.01 of the Revised Code, or performed as a result of a petition filed pursuant to Chapter 6131., 6133., or 6135. of the Revised Code, wherein no less than seventy-five per cent of the project is located on private land and no less than seventy-five per cent of the cost of the improvement is paid for by private property owners pursuant to Chapter 1515., 6131., 6133., or 6135. of the Revised Code.

{¶ 12} R.C. 176.05 provides:

(D) For the purposes of this section:

(1) "Project" means any construction, rehabilitation, remodeling, or improvement of residential housing, whether on a single or multiple site for which a person, as defined in section 1.59 of the Revised Code, or municipal corporation, county, or township receives financing, that is financed in whole or in part from state moneys or pursuant to this chapter, section 133.51 or 307.698 of the Revised Code, or Chapter 175. of the Revised Code, except for any of the following:

\* \* \*

(c) Projects of fewer than twenty-five units developed by any nonprofit organization that is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.

{¶ 13} The Fostoria NAMI Housing Project will be a 15–unit residential-apartment structure housing severely mentally disabled persons in Fostoria, Ohio. Thus, the court finds that the Fostoria NAMI Housing Project is a "public improvement" as defined by R.C. 4115.03(C). The court also finds that the Fostoria NAMI Housing Project is an exception under R.C. 176.05(D)(1)(c) to the definition of "project" for the purposes of housing advisory boards and is not exempt from Ohio's prevailing-wage law as argued by respondent. Consequently, the court finds that the Fostoria NAMI Housing Project, as a public improvement, must comply with Ohio's prevailing-wage law. This is a final appealable order.

It is so ordered.