[Cite as *Broadmoor Ctr., L.L.C. v. Dallin*, 2017-Ohio-4083.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Broadmoor Center, LLC [nka Broadmoor Center Management, LLC], | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | | No. 16AP-600 |
| v. | : | (C.P.C. No. 08CVH-14372) |
| Mohamud Dallin et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 1, 2017

**On brief:** *Kevin O'Brien & Associates Co., L.P.A.,* and *Kevin J. O'Brien,* for appellant.

**On brief:** *Eugene P. Weiss, LLC,* and *Eugene P. Weiss,* for appellee. **Argued:** *Eugene P. Weiss.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, Broadmoor Center, LLC, appeals from an August 9, 2016 order of the Franklin County Court of Common Pleas vacating the June 20 and August 1, 2016 garnishment orders against defendant-appellee, Mohamud Dallin. Because we conclude that the order from which appellant sought relief was not a final appealable order, we dismiss the appeal.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 22, 2009, appellant obtained a default judgment against appellee in the amount of $63,604.84, plus interest related to back rent and damages. After several years, appellant learned appellee had been operating a sole proprietorship

called Mohamud Dallin, d.b.a. Golden Age Day Care Service, which had a contract with the city of Columbus ("the City").

{¶ 3} On March 8, 2016, appellant filed an order and notice of garnishment of property other than personal earnings against appellee, listing the City's Treasurer's Office as the garnishee. However, when appellant filed its notice to appellee, appellant filed a notice of wage garnishment rather than a notice of garnishment of property other than personal earnings. Appellee filed a request for a garnishment hearing, alleging improper service and "any other defenses applicable to this matter." (Mar. 23, 2016 Request for Hearing.)

{¶ 4} On April 12, 2016, the magistrate conducted a hearing on the order and notice of garnishment of property other than personal earnings. In an April 29, 2016 decision, the magistrate concluded: (1) the garnishment filed March 8, 2016 was defective due to appellant's failure to strictly comply with the notice provisions for garnishment of personal property other than personal earnings provided in R.C. Chapter 2716; and (2) the garnishment was void because the City was not a proper garnishee as authorized by R.C. 2716.01(B), since the statute referred to funds in the possession of a "person" and the City was not included as a person in the definition of same under R.C. 1.59, and further that the City was administering a state obligation. (Apr. 29, 2016 Mag.'s Decision.)

{¶ 5} Appellant filed objections to the magistrate's decision and appellee filed a response. In a June 1, 2016 judgment entry, the trial court overruled appellant's objections and adopted the magistrate's decision of April 29, 2016, ordering "(1) The Garnishment filed on March 8, 2016 was defective; (2) The Notice given to defendant Dallin failed to meet the strict requirement of the statute; (3) The Garnishment was issued to the City of Columbus who was administering a state obligation and was therefore void." (June 1, 2016 Jgmt. Entry.)

{¶ 6} In addition, on June 3, 2016, the trial court (1) struck appellant's creditor's bill, (2) denied appellant's motion to hold appellee in contempt, and (3) granted appellee's motion for attorney fees related to his response to appellant's objections to the magistrate's decision. (Decision and Entry.) In a separate order dated June 6, 2016, the trial court ordered a hearing before a magistrate to determine the appropriate amount of attorney fees. (Order of Reference.)

{¶ 7} On June 7, 2016, Broadmoor filed a notice of appeal, appealing from the trial court's June 1, 2016 judgment entry and the June 3, 2016 decision and entry. On December 30, 2016, we issued a decision in *Broadmoor Ctr. LLC v. Dallin*, 10th Dist. No. 16AP-428, 2016-Ohio-8541 ("*Broadmoor I*").

{¶ 8} In *Broadmoor I*, appellant's assignments of error one and two challenged the trial court's June 1, 2016 judgment. We overruled appellant's first assignment of error, agreeing with the trial court that appellant's failure to substantially comply with the notice requirements for garnishment of property other than personal earnings rendered the garnishment void. We then ruled that appellant's second assignment of error, which related to whether the City is a "person" within the meaning of R.C. 2716.01(B) and, therefore, a proper garnishee was moot.

{¶ 9} In assignments of error three through seven, appellant challenged the trial court's June 3, 2016 judgment. We ruled that the June 3, 2016 judgment was not a final appealable order. We noted that when the court enters judgment on some but not all of the claims in a multi-claim action, in the absence of express Civ.R. 54(B) language, i.e., "that there is no just reason for delay," an appellate court may not review an order disposing of fewer than all claims. *Moore v. Gross*, 10th Dist. No. 09AP-1077, 2010-Ohio-3328, ¶ 12. We found that because the trial court disposed of fewer than all of the claims for relief by reserving the issue of the amount of attorney fees for a later hearing and did not include Civ.R. 54(B) language, no part of the June 3, 2016 order was final. *Columbus v. Moses*, 10th Dist. No. 12AP-266, 2012-Ohio-6199, ¶ 11. Accordingly, we dismissed the portion of the appeal related to the trial court's June 3, 2016 decision for lack of a final appealable order.

{¶ 10} However, as pertinent to the present appeal, while *Broadmoor I* was pending with this court, appellant continued to attempt to garnish appellee, naming the City as the garnishee, despite the trial court's ruling that the City was not a "person" capable of garnishment. As a result, the trial court issued an order on August 9, 2016 which stated:

> On June 1, 2016, the Court adopted Magistrate Mark Petrucci's April 29, 2016 Decision, finding that the Garnishment Order issued to the City of Columbus was void as the City of Columbus is merely the administrator of a state obligation. The Court ordered the Clerk of Courts to return the

garnished funds to the City of Columbus. Plaintiff appealed the Court's ruling.

On June 7, 2016, the parties appeared before Magistrate Lippe and agreed that there was no need for a hearing on the pending Garnishment Orders as they were voided by the Court's June 1, 2016 Decision.

Despite the Court's ruling, on June 20, 2016, Attorney O'Brien again sought a Garnishment Order from the Court's Duty Judge. O'Brien approached Duty Judge Jenifer French and obtained her signature on a Court Order and Notice of Garnishment. A hearing was initially set for July 13, 2016, but continued to November 8, 2016, in order to accommodate Plaintiffs pending appeal.

Evidently unsatisfied with the Court's continuance, Attorney O'Brien again sought a Garnishment Order from the Court's Duty Judge. On August 1, 2016, O'Brien approached Duty Judge Julie Lynch and obtained her signature on a Court Order and Notice of Garnishment. A hearing date of August 22, 2016 was automatically set by the Clerk of Courts.

The Court hereby sua sponte **VACATES** the June 2o, 2016, and August 1, 2016 Garnishment Orders for the reasons set forth in the Court's June 1, 2016 Decision. All future garnishment orders pertaining to the judgment in this case are to be submitted for the approval of the undersigned judge only. Any violations of this Order will result in sanctions.

(Emphasis sic.)

{¶ 11} On August 24, 2016, appellant filed its notice of appeal of the trial court's order of August 9, 2016.

## II. ASSIGNMENT OF ERROR

{¶ 12} Appellant appeals assigning the following errors:

I. THE TRIAL COURT HAD NO AUTHORITY TO SUA SPONTE VACATE THE OTHER THAN WAGE GARNISHMENT ORDERS.

II. THE TRIAL COURT'S VACATION OF THE PLAINTIFF-APPELLANT'S GARNISHMENT ORDERS VIOLATES BASIC TENETS OF DUE PROCESS.

III. THE TRIAL COURT'S VACATION OF THE PLAINTIFF-APPELLANT'S   OTHER THAN WAGE GARNISHMENT ORDERS CONSTITUTES A TAKING   WITHIN THE MEANING OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 19, ARTICLE I OF THE OHIO CONSTITUTION.

IV. THE TRIAL COURT'S VACATION OF THE PLAINTIFF-APPELLANT'S OTHER THAN WAGE GARNISHMENT ORDERS AMOUNTS TO A STAY AND THE TRIAL COURT HAD NO AUTHORITY TO  STAY THE EXECUTION OF THE JUDGMENT  WITHOUT ORDERING DALLIN TO POST A SUPERSEDEAS BOND.

## III. DISCUSSION—NO FINAL APPEALABLE ORDER

{¶ 13} Before we can reach the merits of appellant's assignments of error, we must address whether appellant has appealed from a final appealable order. Although the parties have not raised the issue of whether the order of August 9, 2016 is a final appealable order, an appellate court may raise jurisdictional questions sua sponte and must dismiss an appeal that is not taken from a final appealable order. *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 8 (10th Dist.).

{¶ 14} Appellate courts use a two-step analysis to determine whether an order is final and appealable. *Eng. Excellence, Inc. v. Northland Assocs., L.L.C.*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 11. First, the court determines if the order is final within the requirements of R.C. 2505.02. Second, the court determines whether Civ.R. 54(B) applies and, if so, whether the order being appealed contains a certification that there is no just reason for delay. *Id.*

{¶ 15} Under the Ohio Constitution, Article IV, Section 3(B)(2), this court's jurisdiction on appeal is limited to a review of final orders of lower courts. " ' "[T]he entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." ' " *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 10, quoting *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. The Tilley Lamp Co., Ltd.*, 27 Ohio St.2d 303, 306 (1971). A trial court order is final and appealable only if it

satisfies the requirements in R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Eng. Excellence* at ¶ 10.

{¶ 16} The types of orders that constitute final orders subject to review are set forth in R.C. 2505.02:

> **(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:**
>
> **(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;**
>
> **(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;**
>
> **(3) An order that vacates or sets aside a judgment or grants a new trial;**
>
> **(4) An order that grants or denies a provisional remedy and to which both of the following apply:**
>
> **(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.**
>
> **(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.**

{¶ 17} Civ.R. 54(B) provides as follows:

> **When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the**

> entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 18} In the present appeal, our rationale in *Broadmoor I* is applicable. The trial court's order of August 9, 2016, does not include Civ.R. 54(B) language. When the court enters judgment on some but not all of the claims in a multi-claim action, in the absence of express Civ.R. 54(B) language an appellate court may not review an order disposing of fewer than all claims. *Moore* at ¶ 12. As previously stated, the trial court determined in its June 3, 2016 decision and entry that appellee is entitled to additional attorney fees and referred the matter to a magistrate for a hearing. Said matter is still pending. This court has previously determined that a request for attorney fees filed in response to objections to a magistrate's decision in a garnishment proceeding is intertwined with the merits of the action and is a "claim" within the meaning of Civ.R. 54(B). *Moses* at ¶ 11. In addition, the trial court is clearly retaining jurisdiction for further proceedings in the August 9, 2016 order, by requiring "[a]ll future garnishment orders pertaining to the judgment in this case are to be submitted for the approval of the undersigned judge only." (Order at 2.)

{¶ 19} Thus, because the trial court disposed of fewer than all of the claims for relief by reserving the issues of attorney fees and future garnishment orders, and did not include Civ.R. 54(B) language, no part of the August 9, 2016 order is final. *Moses* at ¶ 2, citing *IBEW, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 8, citing *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 6; *see also Green v. Germain Ford of Columbus, LLC,* 10th Dist. No. 08AP-920, 2009-Ohio-5020, ¶ 24-26 (holding the trial court's judgment was not final and appealable since the issue of attorney fees was unresolved and the judgment entry contained no Civ.R. 54(B) language). Accordingly, we must dismiss this appeal of the order of August 9, 2016, for lack of a final appealable order.

## IV. DISPOSITION

{¶ 20} Accordingly, this court lacks jurisdiction and the appeal is dismissed for lack of a final appealable order.

*Appeal dismissed.*

KLATT and BRUNNER, JJ., concur.

—————————————