[Cite as *Worthington City School Dist. Bd. of Edn. v. State Bd. of Edn.*, 2024-Ohio-4703.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Worthington City School District Board of Education, | : | |
| | : | No. 24AP-214 |
| Appellant-Appellee, | | (C.P.C. No. 23CV-7332) |
| | : | |
| [Matthew W. Hoyt and Karin A. Hoyt, | : | (ACCELERATED CALENDAR) |
| Appellants], | : | |
| v. | : | |
| Ohio State Board of Education[1], | : | |
| Appellee-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on September 26, 2024

**On brief:** *Bricker Graydon LLP*, *Jason R. Stuckey*, and *Izaak S. Orlansky* for Worthington City School District Board of Education. **Argued:** *Jason R. Stuckey*.

**On brief:** *Matthew W. Hoyt* and *Karin A. Hoyt*, pro se. **Argued:** *Matthew W. Hoyt*.

**On brief:** *Dave Yost*, Attorney General, and *Erin F. Kelly* for Department of Education and Workforce. **Argued:** *Erin F. Kelly*.

APPEAL from the Franklin County Court of Common Pleas

---

[1] Pursuant to House Bill 33 of the 135th General Assembly ("House Bill 33"), interest in this matter has been transferred to the Department of Education and Workforce. (*See* Nov. 6, 2023 Joint Mot. to Substitute Party.)

EDELSTEIN, J.

{¶ 1}    Matthew W. Hoyt and Karin A. Hoyt ("the Hoyts") appeal from the February 27, 2024 decision and order denying their motion to intervene in the R.C. 119.12 administrative appeal instituted by the Worthington City School District Board of Education ("Worthington School Board" or "school board") against the Ohio State Board of Education ("SBOE") after the matter was remanded to the Ohio Department of Education and Workforce[2] ("department" or "ODEW") for further consideration of the merits. Because the SBOE determination that was the subject of the Worthington School Board's R.C. 119.12 appeal was superseded by a subsequent department order from which the Hoyts could have—but declined to—administratively appeal, we find the Franklin County Court of Common Pleas did not abuse its discretion in denying the motion to intervene and, thus, affirm the judgment below.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}    The Hoyts are the parents of a student at Bishop Watterson High School whose transportation by Worthington City School District was the subject of the administrative matters below.  A school district is generally obligated to provide all of its eligible resident school pupils with transportation to and from school, as described in R.C. 3327.01.  However, "[w]here it is impractical to transport a pupil by school conveyance, a board of education may offer payment, in lieu of providing such transportation in accordance with section 3327.02 of the Revised Code."  R.C. 3327.01.

{¶ 3}    In November 2021, the Worthington School Board passed a resolution declaring transportation to Bishop Watterson High School was impractical for certain students, including the Hoyts' minor child, pursuant to the factors outlined in R.C. 3327.02. As a result, the students were offered payment in lieu of transportation.  *See* R.C. 3327.02(C).

{¶ 4}    The Hoyt family rejected payment and requested mediation, pursuant to R.C. 3327.02(E)(1)(a).  Mediation did not resolve the dispute, so the matter was referred to the

---

[2] Effective October 3, 2023, House Bill 33 of the 135th General Assembly transferred the responsibility to approve or disapprove a board of education's determination of impracticality to the Director of Education and Workforce. *See* R.C. 3327.02.  Although the School Board and SBOE jointly moved the trial court for an order substituting the department for the SBOE on November 6, 2023, the trial court did not formally grant that motion before the matter was remanded to the department director on November 28, 2023 at the parties' request.

SBOE to conduct a Chapter 119 administrative hearing. *See* former R.C. 3327.02(E)(1)(b).[3] That hearing was held in May 2023[4], where sworn oral testimony and evidence was provided by the Hoyts and the Worthington School Board to a hearing officer of the SBOE. (*See* Oct. 13, 2023 Notice of Appeal at 2.)

{¶ 5} In June 2023, after summarizing the relevant findings of fact and conclusions of law, the hearing officer submitted a report recommending the SBOE approve the Worthington School Board's impracticality determination. (*See* Feb. 21, 2024 Mot. to Strike, attached Ex. 1.) However, on review, the SBOE rejected the hearing officer's recommendation and issued a resolution ***disapproving*** the Worthington School Board's determination of payment in lieu of transportation in September 2023. (*See* Oct. 13, 2023 Notice of Appeal at 2-3.) The Hoyts and the school board received notice of the SBOE's resolution in a September 28, 2023 letter sent via Certified Mail. (Oct. 13, 2023 Notice of Appeal, attached Ex. A.) The parties were advised that any appeal from the SBOE's action had to be perfected in accordance with R.C. 119.12. (*See id.*)

{¶ 6} On October 13, 2023—after the ODEW became the successor agency of SBOE—the Worthington School Board timely appealed from the SBOE's September 2023 determination. The school board's administrative appeal was commenced under Franklin County Court of Common Pleas case No. 23CV-7332. The Hoyts were not named parties in that case and did not commence a separate administrative appeal from the SBOE's September 2023 resolution because they were not aggrieved parties.

{¶ 7} Before the trial court decided the merits of the administrative appeal, however, the Worthington School Board and the department jointly moved to remand the matter to the director of the ODEW for further consideration of the merits. (Nov. 17, 2023 Joint Mot. to Remand.) The trial court entered a judgment granting that motion on November 28, 2023. Pursuant to that entry, case No. 23CV-7332 was terminated and the matter was remanded to the ODEW for further administrative proceedings.

{¶ 8} After further consideration of the prior proceedings, the director of the ODEW issued a new order on January 26, 2024 ***approving*** the Worthington School

---

[3] Under the current version of R.C. 3327.02(E)(1)(b), ODEW is now tasked with conducting the Chapter 119 administrative hearing following an unsuccessful mediation.

[4] Because the trial court remanded the case below to the department before the underlying administrative record was filed with the trial court, the full record from the administrative proceedings is not before us.

Board's determination that it is impractical to transport students to Bishop Watterson High School. (*See* Feb. 21, 2024 Mot. to Strike, attached Ex. 1.) The Hoyts received notice and a copy of that order on or before February 1, 2024. (*See* Feb. 15, 2024 Mot. to Intervene at 3.) It is undisputed that the notice letter, dated January 30, 2024, advised the parties that any appeal from the SBOE's action had to be commenced, in accordance with R.C. 119.12, within 15 days from the date of that letter. (*See* May 3, 2024 Brief of Worthington School Board at 3, 8-9; Mot. to Intervene at 3.)

{¶ 9} No appeal was taken from the department's January 2024 order. Instead, on February 15, 2024—after the time to commence a R.C. 119.12 administrative appeal expired—the Hoyts moved to intervene in terminated case No. 23CV-7332. The Worthington School Board opposed the Hoyts' motion for lack of jurisdiction and untimeliness, and the ODEW moved to strike the Hoyts' motion to intervene on similar grounds. Both the school board and the department noted that the SBOE's September 2023 resolution ***disapproving*** the Worthington School Board's determination of payment in lieu of transportation was the subject of the R.C. 119.12 administrative appeal brought in case No. 23CV-7332. But, when the Hoyts moved to intervene in that case, the SBOE's September 2023 resolution had since been superseded by the ODEW's January 2024 order ***approving*** the school board's payment in lieu of transportation determination.

{¶ 10} As evidenced by their February 15, 2024 motion, the Hoyts actually sought to appeal from the ODEW's January 2024 order—not the SBOE's September 2023 resolution. The school board and department both argued that to properly challenge the ODEW's January 2024 determination, the Hoyts were required to commence their own administrative appeal from that order as an aggrieved party, pursuant to R.C. 119.12. This is because there would be no viable remedy available to the Hoyts in the Worthington School Board's closed administrative appeal, case No. 23CV-7332, concerning the SBOE's September 2023 resolution given that it was no longer in effect and had resolved the matter in a manner favorable to the Hoyts' position.

{¶ 11} On February 27, 2024, the trial court denied the Hoyts' motion to intervene "[b]ecause this matter was dismissed three months ago, there is nothing for the Hoyts to intervene in." The Hoyts timely appealed from that decision and raise the following sole assignment of error for our review:

The Court of Common Pleas erred by denying [the Hoyts']
motion to intervene as untimely.

## II. ANALYSIS

### A. Civ.R. 24(A) Legal Standard

{¶ 12} The Hoyts moved to intervene as of right in the administrative appeal under Civ.R. 24(A)(2). To intervene as a matter of right under Civ.R. 24(A)(2), an applicant must: "(1) claim an interest relating to the property or transaction that is the subject of the action; (2) be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect his or her interest; (3) demonstrate that his or her interest is not adequately represented by the existing parties; and (4) move to intervene in a timely manner." *State ex rel. Ohio AG v. Lager*, 10th Dist. No. 19AP-265, 2020-Ohio-3260, ¶ 6, quoting *Petty v. Kroger Food & Pharmacy*, 165 Ohio App.3d 16, 2005-Ohio-6641, ¶ 8 (10th Dist.), citing *Fairview Gen. Hosp. v. Fletcher*, 69 Ohio App.3d 827, 831 (10th Dist.1990). " 'Failure to satisfy any one of the elements in Civ.R. 24(A) will result in the denial of the motion to intervene.' " *Id.*, quoting *Petty* at ¶ 8.

{¶ 13} Although courts generally construe Civ.R. 24 liberally to permit intervention, this is only true where a motion to intervene satisfies all mandatory procedural requirements described above. *See, e.g.*, *State ex rel. Bohlen v. Halliday*, 164 Ohio St.3d 121, 2021-Ohio-194, ¶ 8, citing *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, ¶ 41; *State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections*, 80 Ohio St.3d 182, 184 (1997). Furthermore, " '[i]ntervention after final judgment has been entered is unusual and ordinarily will not be granted.' " *Upper Arlington City School Dist. Bd. of Edn. v. City of Upper Arlington Bldg. Dept.*, 10th Dist. No. 20AP-576, 2021-Ohio-3718, ¶ 40, quoting *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503-04 (1998).

### B. Standard of Review

{¶ 14} We review a trial court's denial of a motion to intervene for an abuse of discretion under the facts and circumstances of the case. *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas*, 147 Ohio St.3d 432, 2016-Ohio-1519, ¶ 21, citing *Merrill* at ¶ 41.

{¶ 15} "[A]buse of discretion connotes that the court's attitude is unreasonable, arbitrary or unconscionable." (Internal quotations omitted.) *State v. Weaver*, 171 Ohio

St.3d 429, 2022-Ohio-4371, ¶ 24, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 60, quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "A decision is unreasonable if there is no sound reasoning process that would support the decision." *Fernando v. Fernando*, 10th Dist. No. 16AP-788, 2017-Ohio-9323, ¶ 7, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). A decision is arbitrary if it is made "without consideration of or regard for facts [or] circumstances." (Internal quotations omitted.) *State v. Hill*, 171 Ohio St.3d 524, 2022-Ohio-4544, ¶ 9, quoting *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, ¶ 12, quoting *Black's Law Dictionary* 125 (10th Ed.2014). A decision may also be arbitrary if it lacks any adequate determining principle and is not governed by any fixed rules or standards. *See Beasley* at ¶ 12, citing *Dayton ex rel. Scandrick v. McGee*, 67 Ohio St.2d 356, 359 (1981), citing *Black's Law Dictionary* 96 (5th Ed.1979). *See also State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, ¶ 19. A decision is unconscionable if it "affronts the sense of justice, decency, or reasonableness." *Fernando* at ¶ 7, citing *Porter, Wright, Morris & Arthur, L.L.P. v. Frutta Del Mondo, Ltd.*, 10th Dist. No. 08AP-69, 2008-Ohio-3567, ¶ 11.

**{¶ 16}** An abuse of discretion may also be found where a trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶ 15 (8th Dist.). *See also New Asian Super Mkt. v. Jiahe Weng*, 10th Dist. No. 17AP-207, 2018-Ohio-1248, ¶ 16.

### C. Application

**{¶ 17}** The Hoyts sought to intervene in a terminated case nearly three months after it was remanded to the department for further consideration. Most significantly, case No. 23CV-7332 concerned the SBOE's September 2023 resolution ***disapproving*** the Worthington School Board's determination that it is impractical to transport students to Bishop Watterson High School. But that resolution was subsequently superseded by the department's January 2024 order ***approving*** the school board's determination of payment in lieu of transportation to Bishop Watterson High School. In other words, the September 2023 resolution—though final—was later replaced by the department's final January 2024 order reversing the determination previously made.

**{¶ 18}** "In a[] R.C. 119.12 administrative appeal, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in

accordance with the law." *Izzo v. Ohio Dept. of Edn.*, 10th Dist. No. 18AP-138, 2019-Ohio-1008, ¶ 13. Here, it is unclear precisely what remedy the Hoyts could seek in case No. 23CV-7332 given that the September 2023 resolution—not the January 2024 order—was the subject of the Worthington School Board's administrative appeal in that case.

{¶ 19} The Ohio Constitution gives the General Assembly the power to define the limits of common pleas courts' subject matter jurisdiction. *Pivonka v. Corcoran*, 162 Ohio St.3d 326, 2020-Ohio-3476, ¶ 21, citing *State v. Wilson*, 73 Ohio St.3d 40, 42 (1995), citing Article IV, Section 4(B), Ohio Constitution. Without subject-matter jurisdiction, a trial court has no power to act. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 78 (1998).

{¶ 20} In the context of administrative appeals, "[c]ourts of common pleas only have 'such powers of review of proceedings of administrative officers and agencies as may be provided by law.' " *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 9, quoting Ohio Constitution, Article IV, Section 4(B). "The General Assembly vests exclusive jurisdiction in an administrative agency when it enacts a comprehensive statutory scheme for review by that agency." *Pivonka* at ¶ 22, citing *State ex. rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 447, 451 (2000), citing *Kazmaier Supermarket, Inc. v. Toledo Edison Co.*, 61 Ohio St.3d 147, 153 (1991). Thus, jurisdiction over an administrative appeal is improper "unless granted by R.C. 119.12 or other specific statutory authority." *Abt v. Ohio Expositions Comm.*, 110 Ohio App.3d 696, 699 (10th Dist.1996).

{¶ 21} In this case, the trial court remanded the matter to the department for further consideration in case No. 23CV-7332 and terminated the matter in November 2023. After that case was terminated and the department issued a new determination on remand, the Hoyts sought to intervene in terminated case No. 23CV-7332 "to defend the decision of the [SBOE] which was issued in [their] favor, and to otherwise protect [their] interests under Ohio Revised Code 3327." (Mot. to Intervene at 1.) But the Hoyts have not identified—and this court is not aware of—any legal authority that grants a trial court jurisdiction to reopen a terminated R.C. 119.12 appeal of a determination *after* the matter has been returned to the agency, the agency has subsequently replaced the original determination with a new determination, and that new determination was not the subject of the terminated R.C. 119.12 appeal. *See, e.g., Lucas v. Ohio State Bd. of Edn.*, 10th Dist. No. 21AP-138, 2021-

Ohio-3902, ¶ 2-4 (describing successive R.C. 119.12 appeal following remand to agency and termination of prior appeal).

{¶ 22} Given the record before us, we have no basis to conclude the trial court was required—or even had jurisdiction—to reopen the terminated case so the Hoyts could defend the SBOE's September 2023 resolution after it was superseded by the ODEW's January 2024 determination. Rather, the appropriate mechanism for protecting their interests under Chapter 3327 of the Ohio Revised Code was an administrative appeal from the ODEW's January 2024 order. In the department's January 30, 2024 letter notifying the parties of its decision, the Hoyts were expressly advised of the process through which they could seek further review of the department's January 26, 2024 "final action" by the court of common pleas. Despite receiving prompt notice of their right to appeal from that order to the common pleas court as aggrieved party under R.C. 119.12, the Hoyts did not commence an administrative appeal from the department's January 2024 determination in the court below. Instead, they moved to intervene in terminated case No. 23CV-7332 after the deadline to appeal from the department's January 2024 order expired.

{¶ 23} Under these facts and circumstances, we cannot say the trial court's denial of the Hoyts' motion to intervene was unreasonable, arbitrary, or unconscionable. Finding no abuse of discretion in the trial court's judgment, we overrule the Hoyts' sole assignment of error.

## III. CONCLUSION

{¶ 24} Having overruled the Hoyts' sole assignment of error, we affirm the trial court's February 27, 2024 judgment denying the Hoyts' motion to intervene.

*Judgment affirmed.*

LUPER SCHUSTER and LELAND, JJ., concur.